COMMERCIAL CREDIT COMPANY, Intervenor and Appellant, *v.* HERMINIO SOTO-CARDONA ET AL., Defendants and Appellees.

No. 4292. Argued November 28, 1927.—Decided June 13, 1928.

O. B. Frazer and R. Castro Fernández for the appellant. A. Reyes Delgado for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

J. Ohárriz & Co. brought suit in a municipal court against Herminio Soto Cardona, and attached a Ford automobile as property of defendant. The Commercial Credit Company intervened claiming ownership and obtained a judgment against J. Ohárriz & Co., ordering the cancellation of a bond previously given in order to obtain possession of the attached property and awarding costs to intervenor.

Soto Cardona was named as a defendant in the complaint filed by intervenor, and the affidavit of service by mail shows that a copy of the said complaint was deposited in the Post-office in a stamped envelope addressed to the said original defendant. The fact that he was made a party defendant, and that he defaulted in the intervention proceeding, seems to be admitted by counsel for intervenor, although no default appears to have been noted.

J. Ohárriz & Co. appealed from the judgment rendered by a municipal judge, and in the district court moved to dismiss the action for want of jurisdiction in the municipal court. At least the oral motion seems to begin as a motion to dismiss. It is somewhat confused throughout and ends as a demurrer for want of jurisdiction *ab initio* in the municipal court, and consequently in the district court. In any event, it challenges the power of the district court to proceed with a trial *de novo*.

The question also appears to have been submitted on briefs in the court below, but these briefs are not before us and the judgment appealed from does not greatly clarify the issue.

The judgment actually rendered by the district court is to the effect that the previous judgment of the municipal court was null and void for want of jurisdiction.

J. Ohárriz & Co. now move to dismiss an appeal, taken by the Commercial Credit Co., for want of notice to Soto Cardona, defendant in the original action.

Appellant insists that Soto Cardona is not an adverse party, and cites in support of this suggestion *Bravo* v. *Martínez Brothers*, 31 P.R.R. 460.

The case so relied upon is not in point.

Section 11 of "An Act to provide for the trial of the right to real and personal property," etc., approved March 14, 1907, (Comp. St. 1911, section 5270) provides, among other things, that "parties to the first suit shall always be parties in the suit to establish the rights of a third person." Section 14 of the same law ordains, among other things and in reverse order, that: "In all cases other than those for non-appearance of plaintiff, or those of default by the defendant, the judge shall reserve judgment in the case of the claim of a third party until judgment shall be rendered in the suit giving rise to the third party's claim," and further that:

"In all cases where any claimant of property, under the provisions of this law, shall fail to establish his right thereto, judgment shall be rendered against him and his sureties for the value of the property, with legal interest thereon from the date of such bond.

"When such value is greater than the amount claimed under the writ, by virtue of which such property was levied upon, the damages shall be on the amount claimed under said writ.

"Such judgment shall be rendered in favor of the prevailing party in the suit wherein the writ of attachment or any other writ was issued, which gave rise to the claim of a third party . . ."

Appellant, as we have already shown, does not deny that Soto Cardona was in fact a party to the proceeding in inter-

vention, and, in opposing the motion to dismiss, explains that the notice of appeal was not served on Soto Cardona because he was in default.

In the circumstances, we can not concur in the view that Soto Cardona was not an adverse party, within the meaning of that term as defined in *Bravo* v. *Martínez Brothers, supra,* and cases cited.

Appellant also points out that J. Ohárriz & Co., on appealing to the district court from the judgment rendered in favor of intervenor by the municipal court, likewise failed to serve any notice of such appeal upon the defendant Soto Cardona. In this connection appellant invokes the doctrine of *Rivera* v. *O'Ferral,* 37 P.R.R. 156, to the effect that failure to serve the notice of appeal upon a defendant in default deprives the appellate tribunal of jurisdiction. In the event of a dismissal of the present appeal for want of jurisdiction, we are asked to adjudge that the district court was likewise without jurisdiction to render the judgment appealed from.

The demand for such a decision of necessity assumes that this court has the power to pass upon and to determine the validity of the judgment below, notwithstanding the want of jurisdiction over the present appeal. But, if this court has such power, notwithstanding the failure of appellant to notify an adverse party, then the district court was not deprived of its power to determine the validity of the judgment rendered by the municipal court, merely because of a like failure to serve notice upon an adverse party. On the other hand, if the district court was without jurisdiction to determine the validity of the judgment rendered by the municipal court (because of the failure of appellant to notify an adverse party), then, for the same reason, this court is equally powerless to pass upon the validity of the judgment actually rendered by the district court. We need not at this time, therefore, speculate upon the merits of either of the hypothetical cases involved in the dilemma.

Moreover, appellant assumes, without attempting to show, that Soto Cardona was an adverse party on the first appeal as well as on the second. As a matter of fact, the position occupied by this defendant on the present appeal is quite different from the situation in which he was placed by the appeal to the district court. The appeal last mentioned was by a co-defendant in the intervention proceeding. The case presented was analogous to that of *Bravo* v. *Martínez Brothers, supra*. As between the two co-defendants in the intervention proceeding, on an appeal perfected by one of them from a judgment in favor of intervenor, the other was not an adverse party for the reasons set forth in the *Bravo Case*. Here, however, on an appeal by intervenor from an adverse judgment rendered in the district court, both defendants in the intervention proceeding were parties adverse to intervenor for the reason indicated in *Rivera* v. *O'Ferral, supra,* and authorities cited.

The appeal must be dismissed.

Mr. Justice Texidor took no part in the decision of this case.